JS-6

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  KEITH F. PARK (54275)
   DARREN J. ROBBINS (168593)
3  TRAVIS E. DOWNS III (148274)
   BENNY C. GOODMAN III (211302)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6  keithp@csgrr.com
   darrenr@csgrr.com
7  travisd@csgrr.com
   bgoodman@csgrr.com
8
   Lead Federal Derivative Plaintiff's Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSEPH GUNTHER, Derivatively on Behalf of VITESSE SEMICONDUCTOR CORPORATION,<br><br>             Plaintiff,<br><br>   vs.<br><br>LOUIS R. TOMASETTA, et al.,<br><br>             Defendants,<br>   – and –<br><br>VITESSE SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>             Nominal Defendant. | No. 2:06-cv-03914-R(CTx)<br>(And All Consolidated Actions)<br><br>Derivative Action<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL<br><br>DATE:     Submitted Matter<br>TIME:     Submitted Matter<br>COURTROOM:   The Honorable Manuel L. Real<br><br>JS-6 |
| This Document Relates To:<br><br>   2:06-cv-02851-R-CT<br>   2:06-cv-02862-R-CT<br>   2:06-cv-02863-R-CT<br>   2:06-cv-03008-R-CT<br>   2:06-cv-03070-R-CT<br>   2:06-cv-03217-R-CT<br>   2:06-cv-03280-R-CT<br>   2:06-cv-03914-R-CT | |

This matter came before the Court for hearing pursuant to an Order of this Court, dated January 7, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Amended Stipulation and Agreement of Settlement dated as of October 5, 2007 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Derivative Action and over all parties to the Settlement, including Nominal Defendant Vitesse Semiconductor Corporation ("Vitesse" or the "Company").

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, Vitesse and all shareholders of Vitesse. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Federal Derivative Plaintiff on behalf of Vitesse, the Defendants and Vitesse. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

4. Upon the Effective Date, Lead Federal Derivative Plaintiff, Vitesse, and each of the Current Vitesse Shareholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

5. Lead Federal Derivative Plaintiff, Vitesse and each of the Current Vitesse Shareholders, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims against any of the Released Persons in this or any other forum.

6. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Vitesse, Lead Federal Derivative Plaintiff and Lead Federal Derivative Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Federal Derivative Action or the Released Claims except for obligations imposed by the Stipulation in connection with the settlement of the Federal Derivative Action.

7. Vitesse expressly reserves, retains and does not release any and all claims against KPMG.

8. Notwithstanding the definition of Released Claims, and except as limited by ¶¶9 and 10 below, Defendants and Vitesse reserve their indemnification and advancement rights and defenses under Vitesse's by-laws, Vitesse's articles of incorporation, their agreements, Delaware law and any other applicable authority.

9. Upon the Effective Date hereof, Defendants Louis R. Tomasetta, Eugene F. Hovanec, and Yatin Mody, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all future claims (*i.e.*, after the date of the Stipulation) for indemnity against Vitesse in connection with investigations by the United States Attorney's Office for the Southern District of New York and the U.S. Securities and Exchange Commission, Division of Enforcement, whether such claims

1  for indemnity are made in accordance with Section 145 of the Delaware General
2  Corporation Law, indemnification agreements with Vitesse, the Company's by-laws,
3  the Company's articles of incorporation or any other authority.
4     10.   Vitesse shall indemnify Defendants Tomasetta, Hovanec and Mody for:
5        (a)   all attorneys' fees accrued as of the date of the Stipulation;
6        (b)   the reasonable attorneys' fees incurred in connection with tasks
7  necessary to effectuate the settlement of the Class Action, the Federal Derivative
8  Action and the State Derivative Action and in response to discovery served by KPMG
9  or any of the Non-Settling Defendants in the Class Action;
10       (c)   reasonable attorneys' fees, judgments and other payments incurred
11 in (i) *Jamison John Dupuy v. Vitesse Semiconductor Corp., et al.*, No. CIV247776
12 (Ventura Super. Ct.), (ii) any action by a shareholder who opts out of the settlement of
13 the Class Action, (iii) any action by the Company against third parties, including
14 KPMG, if any such third party shall claim over against them, (iv) any attorneys' fees
15 incurred pursuant to ¶2.12 of the Class Stipulation, and (v) any action that is based
16 upon, arises out of or relates in any way to the facts, circumstances or claims alleged
17 in the Class Action, the Federal Derivative Action or the State Derivative Action;
18       (d)   for the attorneys' fees and payments referenced in (b) and (c)
19 above, Vitesse shall pay within 30 days of receipt of invoice. Vitesse shall also have
20 the choice to provide judgment reduction protection to Defendants Tomasetta,
21 Hovanec and Mody, as well as any of the other Defendants, in any action by Vitesse
22 against third parties, including KPMG, if any such third party shall claim over against
23 Defendants Tomasetta, Hovanec or Mody, or any of the other Defendants. Should
24 Vitesse elect to provide judgment reduction protection in any action, Vitesse shall still
25 be obligated to pay reasonable attorneys' fees incurred in those actions by counsel for
26 Defendants Tomasetta, Hovanec and Mody, as well as counsel for the other
27 Defendants. Should Vitesse elect to provide judgment reduction protection in any
28 action, Vitesse shall have the right to select counsel for Defendants Tomasetta,

1 Hovanec and Mody, as well as the other Defendants, if feasible and consistent with
2 professional responsibilities, and with the input and consent of each such represented
3 Defendant which consent shall not be unreasonably withheld.  Defendants Tomasetta,
4 Hovanec and Mody may each unilaterally withdraw from this Settlement if, prior to
5 the Effective Date, Vitesse fails to comply with its obligations under this paragraph.

6       11.   The Defendants and Nominal Defendant are hereby dismissed with
7 prejudice.  KPMG LLP was already dismissed without prejudice by order of this
8 Court dated July 23, 2007.

9       12.   The distribution of the Notice of Proposed Settlement of Shareholder
10 Derivative Action and Hearing and the publication of the Summary Notice as
11 provided for in the Order Preliminarily Approving Derivative Settlement and
12 Providing for Notice constituted the best notice practicable under the circumstances.
13 Said notices provided the best notice practicable under the circumstances of those
14 proceedings and of the matters set forth therein, including the proposed Settlement set
15 forth in the Stipulation, to all Persons entitled to such notice, and said notices fully
16 satisfied the requirements of Federal Rule of Civil Procedure 23.1, the requirements of
17 due process, and any other applicable law.

18       13.   Neither the Stipulation nor the Settlement contained therein (nor the
19 Exhibits thereto, including but not limited to the Corporate Governance Policies
20 attached as Exhibit C thereto), nor any act performed or document executed pursuant
21 to or in furtherance of the Stipulation or the Settlement: (a) are or may be deemed to
22 be or may be used as an admission of, or evidence of, the validity of any Released
23 Claim, or of any wrongdoing or liability of the Defendants or Vitesse; or (b) is or may
24 be deemed to be or may be used as an admission of, or evidence of, any fault or
25 omission of any of the Defendants or Vitesse in any civil, criminal or administrative
26 proceeding in any court, administrative agency or other tribunal.  The Released
27 Persons may file the Stipulation and/or Judgment in any action that may be brought
28 against them in order to support a defense or counterclaim based on principles of *res*

*judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Notwithstanding the foregoing, nothing herein shall form the basis of a justification for a defense or counterclaim based on principles of *res judicata* as between any of the Released Persons.

14. In accordance with §21D(f)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7), each of the Released Persons, by virtue of this Judgment, is discharged from all claims for contribution brought by other Persons. This Judgment and bar order constitutes the final discharge of all obligations to the Lead Federal Derivative Plaintiff, the Current Vitesse Shareholders and Vitesse of the Released Persons arising out of the Federal Derivative Action. This Judgment shall bar all future claims for contribution arising out of the Federal Derivative Action by any Person, including KPMG, against the Released Persons; and by the Released Persons against any Person.

15. The shares of common stock of Vitesse delivered by Vitesse pursuant to the terms of the Settlement set forth in the Stipulation (the "Shares") are being issued by Vitesse in exchange for the Released Claims and claims for attorneys' fees and expenses.  This Court has held a hearing on the fairness of the Settlement set forth in the Stipulation, including the terms and conditions of the issuance of the Shares, after due and adequate notice having been given of such Settlement, including the terms and conditions of the issuance of the Shares.  This Court hereby approves the terms and conditions of the issuance of the Shares and finds that the conditions for the exemption under 15 U.S.C. §77c(a)(10) have been met and the Shares are exempt from the provisions of 15 U.S.C. §§77a *et seq*.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of this Settlement; (b) all parties hereto for the purpose of construing, enforcing and administering the Stipulation; and (c) any other matter related or ancillary thereto.

1    17.    The Court finds that during the course of the Federal Derivative Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

    18.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation

IT IS SO ORDERED.

DATED: August 11, 2008    _____
                          THE HONORABLE MANUEL L. REAL
                          UNITED STATES DISTRICT JUDGE

S:\Settlement\Vitesse.set\JGT 00049388.doc